PUERTO RICO LABOR RELATIONS BOARD, ETC., Petitioner, *v.* FRED THON, ETC., Respondent.

No. 13.   Argued February 3, 1949.—Decided March 29, 1949.

*Vicente Géigel Polanco, Attorney General* (*Luis Negrón Fernández,* former Attorney General, on the petition), *A. Torres Braschi, Assistant Attorney General, Yamil Galib Frangie, Special Assistant Attorney General,* and *Luis Estades,* the latter two counsels for the Board, for petitioner. *Otero Suro & Otero Suro* for respondent.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The petitioner, Puerto Rico Labor Relations Board, requests that we order defendant Fred Thon, doing business under the name of Freddie Thon's Dry Cleaning & Laundry Service, to comply with the arbitration award rendered in the case of the discharge of employee, Martín Nilo Cartagena, wherein it was held that the discharge was without

---

[2] Cf. *Ex parte Dessús,* 9 P.R.R. 269; *Ex parte Delgado,* 12 P.R.R. 258; *Ex parte López,* 15 P.R.R. 57, involving habeas corpus.

just cause and decreed the reinstatement with pay for all the time he remain discharged.

The defendant alleged in his answer that he complied in full with the award rendered by the arbitrator inasmuch as he reinstated workman Martín Nilo Cartagena and paid him $142.47 for back wages. Respondent further alleged the following:

"(c) That on April 2, 1948, in compliance with the aforesaid award, the workman was reinstated and to that effect, on beginning his work, marked his card in the time clock of the factory.

"(d) That on that same day the workman Martín Nilo Cartagena was requested, since his name appeared in alphabetical order within the first five, to appear, together with four other workmen, to wit: Juana Alicea, Félix Alejandro, Estrella Castillo and Lino Burgos, at the Insular Sanatorium for a medical examination in order to obtain a health certificate, which he refused to do without giving any reason therefor.

"(e) That because of his refusal, and since the Department of Health required every workman to undergo a medical examination before being admitted to work, the employer was compelled to again suspend the workman, Martín Nilo Cartagena.

(f) That after five weeks had elapsed from the day he refused to undergo the medical examination, the workman Martín Nilo Cartagena, without having communicated with his employer during all that time, again appeared to apply for his employment to which the respondent did not consent because it had been necessary for him to fill the vacancy left by the workman."

At the hearing of the case both parties offered evidence. An examination thereof shows that the following facts were proved:

(1) That the arbitration award rendered on March 24, 1948 ordered the reinstatement of workman Martín Nilo Cartagena and payment of his salary for the time that he remain discharged.

(2) That on April 2, 1948 the respondent sent for the employee in order to reinstate him and that Cartagena marked his time card and entered the shop.

(3) That then the respondent informed Cartagena and Justo Corchado, another workman whose reinstatement had been ordered, that according to the regulations of the Department of Health every employee is required to have a health certificate; that he sent Corchado to do his work and mounted Cartagena, with four other workmen called in alphabetical order, in his jitney to take them to the Insular Sanatorium for the medical examination where he had already made arrangements with his aunt, who worked there, in order that the doctor make the examination without waste of time.

(4) That all the employees underwent the medical examination except Cartagena who refused "because . . . he believed that it was not in accordance with the law . . . because it had always been my experience that the employer took his employees to the public health unit."

(5) That the respondent informed Cartagena that he could not work without the health certificate and Cartagena left; and that it was not until four weeks later, that is, on May 4, 1948, that Cartagena returned with the certificate and then the respondent told him that he could not give him back his work because he had already taken another employee in his place.

In the light of these facts and it having been accepted that the respondent paid Cartagena his back wages, we are of the opinion that the respondent complied with the arbitration award.

The controversy which arose subsequent to the reinstatement of Cartagena was not, and could not have been, the subject matter of the previous arbitration. If the health regulations require employees of the respondent to have a health certificate and if the respondent tried to help Cartagena to obtain said certificate and the latter refused to undergo an examination because they went to the Insular Sanatorium instead of to the public health unit, we do not think that the respondent was bound by the award to rein-

state Cartagena for a second time four weeks after he had been suspended by the respondent, if his job was already taken by another workman who would have to be discharged.

The petition is dismissed.

Mr. Justice Negrón Fernández did not participate herein.